ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| FERMÍN ORSINI MATÍAS<br><br>Recurrente<br><br>V.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2025RA00298 | Revisión procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.:<br>ICC-406-2025<br><br>Sobre:<br>Solicitud de Servicio en Área Médica |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de octubre de 2025.

Comparece por derecho propio el Sr. Fermín Orsini Matías (señor Orsini Matías o recurrente), quien se encuentra bajo la custodia del Departamento de Corrección y Rehabilitación (DCR o recurrido), mediante un escrito del que podemos colegir su insatisfacción con la forma en que se le ha brindado acceso a tratamiento y medicamentos por parte del DCR.

Junto a su comparecencia, el recurrente acompañó una *Resolución de Reconsideración* emitida el 30 de septiembre de 2025 por la División de Remedios Administrativos (DRA) del DCR. De dicho documento surgió que el 30 de abril de 2025, la DRA desestimó la solicitud de remedios del recurrente por haber sido presentada en múltiples ocasiones sobre el mismo asunto, sin que se permitiera que el área concernida completara las gestiones correspondientes para la atención del reclamo. Asimismo, se indicó que, al evaluar la reconsideración, se consultó con un médico, quien informó que los medicamentos se suministran conforme a la prescripción indicada, que el recurrente fue atendido en *sick call* y examinado en su cita rutinaria. Además, se señaló que, además de las solicitudes de

remedios ICG-291-25, ICG-322-25, ICG-262-25, en el remedio administrativo ICG-703-25, se notificó que el recurrente tuvo cita el 2 de septiembre de 2025 en la que se le recetaron unos medicamentos, que estos se entregaron al área médica, y que los mismos fueron recibidos por el señor Orsini Matías el 4 de septiembre de 2025.

Por los fundamentos que se exponen a continuación, se adelanta la desestimación del recurso de revisión judicial.

En virtud de la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR ___ (2025), se prescinde de la comparecencia de las partes con interés, a fin de lograr un despacho justo y eficiente.

## I.

### A. <u>Jurisdicción</u>

La jurisdicción es el poder o la autoridad de un tribunal para considerar y decidir casos y controversias. *Muñoz Barrientos v. ELA et al.*, 212 DPR 714, 726 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385-386 (2020). En ausencia de jurisdicción, el tribunal carece de la facultad para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank, supra*, pág. 386.

Es indispensable que un foro judicial evalúe primero el aspecto jurisdiccional, ya que no puede asumir discrecionalmente jurisdicción donde no existe. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). Pues, los tribunales están llamados a ser celosos guardianes de su jurisdicción, razón por la cual los asuntos jurisdiccionales se deben atender con prioridad. *Íd.* De lo contrario, la falta de jurisdicción acarrea la nulidad del dictamen emitido. *Íd.*

Por tanto, cuando este Tribunal carece de jurisdicción para intervenir en un asunto, procede desestimar inmediatamente el recurso, sin entrar en los méritos de la controversia. *Torres Alvarado*

*v. Madera Atiles, supra*, pág. 501; *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012). La Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*, R. 83, dispone que este Foro posee facultad para desestimar, a iniciativa propia, un recurso por, entre otros, falta de jurisdicción o falta de perfeccionamiento conforme a derecho.

Uno de los aspectos a considerar en todo caso es si el mismo es justiciable, es decir, versa sobre controversias reales y vivas sujetas a adjudicación por parte de un tribunal y donde éste imparta un remedio que repercuta en la relación jurídica entre las partes. *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012). Al evaluar lo anterior, se debe tener en cuenta si el asunto no es académico, es decir, que el caso ha perdido su carácter adversativo y el remedio que en su día pudiera concederse no tendría efectos prácticos. De concluirse que un asunto ha advenido en académico, procede la desestimación del mismo. *Moreno v. Pres U.P.R. II*, 178 DPR 969 (2010).

### B. <u>Revisión judicial</u>

La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9671 *et seq.* (LPAUG), dispone un procedimiento uniforme para la revisión judicial de una adjudicación administrativa. Mediante este recurso, este Tribunal puede revisar las decisiones, órdenes y resoluciones finales emitidas por un organismo administrativo. Artículo 4.006(c) de la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico*, Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24y. Su propósito es asegurar que el organismo administrativo actuó conforme con el poder delegado y la política legislativa. *OEG v. Martínez Giraud*, 210 DPR 79, 88 (2022); D. Fernández Quiñones, <u>*Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme*</u>, 3ra ed., Bogotá, Forum, 2013, pág. 669.

Ahora bien, la parte recurrente debe haber agotado todos los remedios administrativos. *AAA v. UIA*, 200 DPR 903, 912 (2018);

*Fuentes Bonilla v. ELA et al.*, 200 DPR 364 (2014). De esta manera, se permite que la agencia desarrolle un historial completo del asunto, implemente medidas que se alineen con su política pública y se eviten los disloques causados por intervenciones inoportunas de los tribunales en las etapas interlocutorias. *Procuradora Paciente v. MCS,* 163 DPR 21, 35 (2004). Asimismo, la agencia puede adjudicar todas las controversias pendientes, de forma que se refleje su posición final. *Íd.*; *J. Exam. Tec. Méd. v. Elías et al.*, 144 DPR 483, 490 (1997).

Se puede preterir el cauce administrativo cuando se demuestra mediante hechos específicos y bien definidos que el remedio administrativo es inadecuado; su agotamiento causaría un daño irreparable al promovente; en el balance de intereses no se justifica agotar los remedios; existe una violación sustancial de derechos constitucionales; existe una dilación excesiva en los procedimientos; la agencia carece claramente de jurisdicción; o se trata de un asunto estrictamente jurídico que no requiere el peritaje administrativo. Sección 4.3 de LPAUG, *supra,* sec. 9673.

De otra parte, la Regla 59 del Reglamento del Tribunal de Apelaciones, *supra*, R. 59, regula el contenido del recurso de revisión. Así, todo recurso de esta naturaleza debe incluir las disposiciones legales que establecen la jurisdicción y competencia del tribunal; una referencia a la decisión, reglamento o providencia administrativa objeto del recurso, incluyendo la fecha en que se dictó y se notificó, así como a cualquiera otra moción, resolución u orden que haya interrumpido y reanudado el término para presentar el recurso de revisión. Asimismo, deberá presentar una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso, así como señalar y discutir los errores que, a juicio de la parte recurrente, cometió el organismo, agencia o funcionario recurrido, incluyendo las disposiciones y la jurisprudencia aplicable.

De no cumplir con estos requisitos, este Tribunal no puede considerar los errores planteados. *Morán v. Marti*, 165 DPR 356 (2005) (*Per Curiam*); *Ortiz v. Holsum*, 190 DPR 511, 526 (2014). Pues, este tribunal solamente puede atender el reclamo presentado ante sí cuando el escrito inicial contiene un señalamiento de error y una discusión fundamentada con referencia a los hechos y a las fuentes de derecho en las que la parte se sustenta. *Íd.*

También, deberá presentarse un apéndice con copia literal de las alegaciones de las partes ante la agencia recurrida, de la orden, resolución o providencia administrativa recurrida, así como de toda moción, resolución u orden que sea pertinente para la controversia.

Esto, toda vez que este Tribunal debe contar con un expediente completo y claro de las controversias que tiene ante sí. *Soto Pino v. Uno Radio Group*, 189 DPR 84 (2013). En tal sentido, la parte que acude ante este Foro tiene la obligación de perfeccionar el recurso de acuerdo con las leyes y el Reglamento del Tribunal, *supra. Morán v. Marti, supra.* "[E]l craso incumplimiento con estos requisitos impide que el recurso se perfeccione adecuadamente[,] privando de jurisdicción al foro apelativo". *Íd.* Además, el hecho de que una parte comparezca por derecho propio no la exime de cumplir con las reglas procesales. *Febles v. Romar*, 159 DPR 714, 722 (2003) (*Per Curiam*).

**II.**

Examinado el escrito presentado por el señor Orsini Matías, concluimos que este Tribunal carece de jurisdicción para revisar el recurso en sus méritos.

En primer lugar, el recurrente presentó un recurso laxo e insuficiente, carente de los elementos mínimos exigidos por la Regla 59 del Reglamento del Tribunal de Apelaciones, *supra*, R. 59. El escrito no hizo referencia alguna a la decisión objeto del recurso, es decir, la *Resolución* inicial emitida por la DRA, ni a la *Resolución en*

*Reconsideración,* de la cual únicamente anexó copia sin ofrecer mención o discusión alguna sobre su contenido.

En segundo lugar, el escrito no contenía una relación fiel y concisa de los hechos procesales ni de los hechos importantes y pertinentes del caso. Al contrario, se limitó a incluir una síntesis incompleta de acontecimientos hasta el 29 de mayo de 2025, sin precisar las gestiones administrativas que sustentaron su reclamo.

En tercer lugar, el señor Orsini Matías no formuló señalamiento de error alguno contra la agencia recurrida ni expuso fundamento jurídico alguno que permita a este Tribunal identificar una controversia susceptible de revisión. Su solicitud se circunscribió a peticionar que esta Curia apelativa tomara una decisión que le permitiera demostrar lo que le está sucediendo, sin detallar hechos concretos ni ofrecer un planteamiento jurídico discernible. En consecuencia, no existía ante nos un reclamo justiciable ni revisable que ameritara consideración en los méritos. El incumplimiento de todos los requisitos anteriormente discutidos privó a este Tribunal de jurisdicción.

Asimismo, consideraciones de justiciabilidad, tal y como fueran discutidas previamente, nos llevan al mismo resultado. Y es que, como surge de la *Resolución* presentada por el recurrente, éste ha sido atendido en *sick call*, se le ha examinado en citas de rutina y el 4 de septiembre se le entregaron los medicamentos recetados. Esta circunstancia, no controvertida por el señor Orsini Matías, tornó en académico su reclamo, lo que significa que no tenemos una controversia real entre las partes, por lo que también procede, por esta razón, la desestimación del recurso.

Finalmente, es menester destacar que, a pesar de que el señor Orsini Matías compareció por derecho propio, ello no lo exime del cumplimiento con las normas procesales que rigen los procedimientos ante este Foro apelativo.

Por todo lo anterior, este Tribunal carece de jurisdicción para intervenir en los méritos de la controversia. En consecuencia, se desestima el recurso presentado por el señor Orsini Matías.

**III.**

Por los fundamentos antes expuestos, se desestima el recurso por falta de jurisdicción ante el craso incumplimiento con las reglas de este Tribunal y tratarse de un reclamo que se ha tornado académico.

El DCR deberá entregar copia de la presente *Sentencia* al señor Orsini Matías en cualquier institución donde se encuentre recluido.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


                              Lcda. Lilia M. Oquendo Solís
                          Secretaria del Tribunal de Apelaciones